UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSCAR L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C21-5656-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION**

Plaintiff seeks review of the denial of his application for Supplemental Security Income. The parties agree the ALJ's decision should be reversed and remanded but disagree as to the scope of the remand. Dkt. 15, 17. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The parties agree the ALJ's decision should be reversed but disagree whether the case should be remanded for further proceedings or for calculation of an award of benefits. The Court retains the discretion to remand a case for further proceedings or for a finding of disability. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). A remand for a finding of disability is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 1

F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Before remanding a case for a finding of disability, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

The parties agree the ALJ's decision contains error, although the Court notes the Commissioner's brief does not identify any error. Dkt. 15 at 1. Thus, the first step of the credit-as-true test is met.

Plaintiff contends the Court should remand for benefits because if the medical opinions the ALJ discounted are credited as true, Plaintiff would be unable to perform the jobs identified by the ALJ at step five. Dkt. 17 at 4. However, the Court cannot credit evidence as true in a vacuum and instead must consider whether the record contains any outstanding issues or conflicts. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017); *Treichler*, 775 F.3d at 1101.

The Commissioner contends there are outstanding issues to resolve noting the medical opinions in the record describe varying degrees of physical limitation. Specifically, the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 2

1 | Commissioner notes Plaintiff was found by various sources to be capable of no work, sedentary
2 | work, or medium work. *See* Tr. 1106-07 (the ALJ's discussion of these opinions). The
3 | Commissioner argues the differing opinions as to the degree of limitation establishes that further
4 | proceedings would be useful to permit the ALJ to resolve the conflicts. Dkt. 15 at 5.

5 | The Court agrees. Plaintiff argues the ALJ's assessment of the medical evidence is
6 | flawed. Dkt. 17 at 4-5. But this is not the rare case where the record overwhelmingly suggests
7 | only one conclusion: that Plaintiff is unable to work. *See, e.g.*, *Garrison v. Colvin*, 759 F.3d 995,
8 | 1022-23 (9th Cir. 2014). Instead, the record contains conflicting medical opinions, and the ALJ
9 | identified inconsistencies between Plaintiff's allegations and the evidence. *See* Tr. 1102-06. The
10 | Court thus cannot say remand for benefits is appropriate because "it is clear from the record that
11 | the ALJ would be required to find [the claimant] disabled" were such evidence credited.
12 | *Treichler*, 775 F.3d at 1105. Given the record indicates conflicts in the severity of Plaintiff's
13 | limitations, the Court finds further proceedings would serve a useful purpose. *See, e.g.*,
14 | *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility
15 | concerns raise additional factual issues that require resolution."). Accordingly, the Court finds
16 | that it is appropriate to remand this matter for further proceedings.

17 | The Court acknowledges Plaintiff's contention that this is not the first time the
18 | Commissioner has erred in assessing her claim, and the Court should not perpetuate a game of
19 | "heads we win, tails let's play again" in which the Commissioner repeatedly reviews claims in an
20 | erroneous manner. Another erroneous assessment of Plaintiff's disability claim will be frowned
21 | upon.

# CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the medical opinion evidence, reconsider Plaintiff's allegations and any other part of the decision as necessary, further develop the record, redetermine residual functional capacity as needed, address the remaining steps of the five-step disability evaluation process, and offer Plaintiff the opportunity for another hearing, and issue a new decision.

Additionally, as set forth by the Commissioner of Social Security (Dkt. 15 at 5), this case shall also be reassigned to a different ALJ on remand.

DATED this 18th day of March, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge